IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 0 1 2005

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| GINA MARTINEZ | § § | |
| Plaintiff | § § | C.A. No. **B-05-241** |
| VERSUS | § § | **JURY DEMANDED** |
| ASSET PROTECTION & SECURITY SERVICES, L.P.; SCOTT MANDEL, INDIVIDUALLY; AND GILBERT MASCORRO, INDIVIDUALLY | § § § § § § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff, **Gina Martinez**, by and through her counsel of record, Juan A. Gonzalez, Law Office of Mark A. Cantu, and for her claims for relief against the Defendants alleges as follows:

### I. PARTIES

#### PLAINTIFF

1. Plaintiff, **Gina Martinez**, is an individual who resides in Harlingen, Cameron County, Texas.

#### DEFENDANTS

2. Defendant, **Asset Protection & Security Services, L.P. ("Asset")**, is a Texas corporation duly formed and existing under the laws of the State of Texas and may be served with process upon their registered agent, **Scott Mandel, 5502 Burnham Drive, Corpus Christi, Texas 78413.**

PAGE 1

3. Defendant **Scott Mandel** is an individual and a supervisor of Plaintiff, residing in Nueces County, Texas. Defendant may be served with process at his usual place of business at Asset Protection & Security Services, L.P., 5502 Burnham Drive, Corpus Christi, Texas 78413.

4. Defendant **GILBERT MASCORRO** is an individual and a supervisor of Plaintiff residing in Cameron County, Texas. Defendant may be served with process at his usual place of business at PIPSC, Immigration Detention Center, Asset Protection & Security Services, L.P., Bayview, Texas 78566.

## JURISDICTION

5. This action arises under the Family Medical Leave Act and 29 U.S.C. § 2617. This suit involves a federal question and the amount in controversy exceeds $75,000.00, excluding interest and costs.

## GENERAL ALLEGATIONS

6. Plaintiff was at all times mentioned herein, a resident of the City of Harlingen, County of Cameron, State of Texas. At the time of her termination, she held the position of detention security officer for Asset Protection & Security Services, L.P. in a controlled Immigration and Naturalization Service Detention Center.

7. On or about May 24, 2001, Plaintiff commenced her employment with Asset Protection & Security Services, Inc. as a security officer at the Immigration and Naturalization Services Detention Center.

8. Plaintiff consistently received acceptable and better performance reviews, and as a result, Plaintiff was constantly reassured by management that she would always

have a job because her performance was good.

9. Since September 11, 2001, Plaintiff had developed severe migraine headaches, depression and stress and was under the care of Dr. Abraham Cano, M.D. of Ed Carey Dr., Family Medical Center 2401 Ed Carey Dr., Suite A., Harlingen, Texas 78550.

10. On or about May of 2001, Plaintiff requested medical leave.

11. Plaintiff advised Gilbert Mascorro that she needed time off of work to address her medical condition and to get used to her medication.

12. Plaintiff repeatedly requested that she be allowed to take time off work at least until her condition improved.

13. On or about July 29, 2004, **Asset Protection & Security Services, L.P.** terminated Plaintiff by and through **Mandel** and **Mascorro** based on the pretext that she violated CBA Article 10 of the company policies and procedures.

14. At all relevant times, Plaintiff was, and is qualified for the position of detention security officer and was performing the essential functions of her job in a manner which exceeded the requirements of her position.

## FIRST CAUSE OF ACTION

### (VIOLATION OF FMLA 29 U.S.C. §2601)

15. The Plaintiff incorporates and re-alleges paragraphs 1 through 5 of this Complaint as if fully set forth herein.

16. Defendants discriminated against Plaintiff because she exercised or attempted to exercise her rights under the Family and Medical Leave Act 29 U.S.C.

§2601 et seq. (FMLA) by terminating her employment before she had a chance to return to work.

17. Further, prior to termination, Defendants retaliated, interfered with, restrained and otherwise discriminated against Plaintiff for attempting to exercise her rights and entitlements under the FMLA.

18. Defendants' acts and employment practices alleged in this Complaint, with respect to the Plaintiff's terms, conditions and privileges of employment, resulted in the discharge of Plaintiff's employment.

19. As a direct and proximate result of the intentional discriminatory acts of Defendants including the discharge of Plaintiff, Plaintiff has suffered and continues to suffer injury, including past and future loss of income and other employment benefits, severe emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, costs associated with obtaining re-employment, embarrassment, damage to her reputation and other past and future pecuniary losses.

20. Defendants' acts and practices described above were intentional and were performed with malice and/or reckless indifference to the Plaintiff's federally protected civil rights, within the meaning of § 102(b)(1) of the Civil Rights Acts of 1991.

### ATTORNEY'S FEES

21. As a result of and by reason of the actions alleged herein, it has become and is now necessary for Plaintiff to incur attorney's fees for the prosecution of this action, and Plaintiff is entitled to attorney's fees and costs incurred in bringing this action, made necessary by Defendants.

WHEREFORE, Plaintiff prays for judgment:

1. For compensatory damages according to proof;

2. For punitive damages in a sum in excess of Ten Thousand Dollars ($10,000.00);

3. General damages according to proof;

4. Interest on all sums according to law;

5. For costs and attorney's fees incurred herein; and

6. For such other and further relief as the Court deems just and proper.

DATED this ___31___ day of August, 2005.

Respectfully submitted,

**LAW OFFICE OF MARK A. CANTU**
The Atrium
1300 N. 10th Street, Ste. 400
McAllen, Texas 78501
Telephone: (956) 687-8181
Fax: (956) 687-8868

By: _____
JUAN A. GONZALEZ
Attorney in Charge
Federal No. 3472
State Bar No. 08129310

ATTORNEYS FOR PLAINTIFF
GINA MARTINEZ