**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
—BROWNSVILLE DIVISION—**

| | | |
|---|---|---|
| GINA MARTINEZ, | § | |
|    Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-05-241 |
| | § | |
| ASSET PRTECTION & SECURITY | § | |
| SERVICES, L.P., SCOTT MANDELL, and | § | |
| GILBERT MASCORRO, | § | |
|    Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants' Motion to Dismiss For Lack of Subject Matter Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(h)(3) or, in the Alternative, Motion to Abate Proceedings. *Docket No. 9*. For the reasons stated below, Defendants' Motion to Dismiss is **GRANTED**.

**I.    BACKGROUND**

Plaintiff, Gina Martinez, asserts claims under the Family and Medical Leave Act ("FMLA") against her former employer, Asset Protection & Securities Services, L.P. ("Asset Protection") and two of her former supervisors, Scott Mandel and Gilbert Mascorro. Defendants argue that Plaintiff, as a member of the International Union of Security Police & Fire Professionals of America, is precluded from seeking relief in federal court under the terms of a collective bargaining agreement ("CBA"). The CBA at issue allegedly provides that Plaintiff's sole means of redress for any claim, including one under the FMLA, is an internal grievance procedure and ultimately arbitration. Defendants therefore argue that because Plaintiff's only remedy is through the CBA, this Court lacks subject matter jurisdiction to adjudicate this dispute. They argue in the alternative that if this Court assumes jurisdiction over this dispute, then these proceedings should be abated or dismissed until Plaintiff initiates and completes the contractual grievance and arbitration procedure set out in the

CBA.[1]

## II.   DISCUSSION

The main issue presented by the Motion to Dismiss is whether an arbitration clause in a CBA for an alleged violation of a federal statutory right is enforceable.  Stated differently, can a union waive on behalf of one of its members the right to a federal forum for claims of employment discrimination?  This issue has not been resolved by either the Fifth Circuit or the Supreme Court of the United States.

The CBA at issue in this case contains an all-encompassing and very specific arbitration provision.  Article 11 of the CBA reads as follows:

> A grievance shall, be defined as any dispute concerning the application or interpretation of this Agreement, or any dispute concerning wages, hours, or working conditions of employees covered by this Agreement, between any employee(s) of the Union and the Company.  However, only grievances concerning the interpretation or application of specific provisions of this Agreement shall be subject to arbitration hereunder.  It is expressly understood and agreed, however, that this Agreements [sic] incorporates all applicable federal, state and local anti-discrimination statutes, and that any claims of discrimination by the Company, including those based on federal, state or local statutes shall be subject to this Article as the exclusive means of redress.

*Docket No. 9*, Ex. A.  In addition to providing that any and all disputes are to be arbitrated, the CBA specifically provides that all discrimination claims are subject to the grievance and arbitration procedures set out in Article 11.  The CBA also specifically incorporates the FMLA in Article 27: "The Company will provide unpaid FMLA leave to eligible employees for qualifying reasons, in accordance with the [FMLA], which is incorporated herein by reference."

Whether an individual waiver is required for an arbitration clause to be enforceable is a

---

[1]   It should be noted that Defendants point out in a footnote that Plaintiff may be precluded from initiating the grievance and arbitration procedure for failure to follow the express procedures provided in the CBA.  *See Docket No. 9*, at 5 n.3.

-2-

matter that has been somewhat in a state of flux. The leading Supreme Court case on point is *Wright v. Universal Maritime Service Corp.*, 525 U.S. 70 (1998). In *Wright*, the Supreme Court held that the general arbitration clause contained in the CBA before it was unenforceable. The arbitration clause in *Wright* provided for arbitration of "matters under dispute," which the Court noted was overly broad. Further, the CBA in *Wright* contained no explicit incorporation of statutory anti-discrimination requirements, and it specifically limited its grievance procedure to disputes related to the agreement. The Court, however, noted hypothetically that if a union could waive an employee's right to pursue a statutory claim in a federal forum, such a waiver would have to be "clear and unmistakable." Yet, they specifically did not rule on whether such a "clear and unmistakable" waiver would be enforceable in the future. *Id.* at 77.

The *Wright* opinion recognized a tension between two lines of cases. The first line of cases is represented by *Alexander v. Gardner-Denver Co.*, 415 U.S. 36 (1974), which held that an employee does not forfeit his right to a judicial forum for a violation of Title VII of the Civil Rights Act of 1964 if "he first pursues his grievance to final arbitration under the nondiscrimination clause of a [CBA]." *Id.* at 49. In that case, the Court noted the difference between statutory and contractual rights. "In submitting his grievance to arbitration, an employee seeks to vindicate his contractual right under a [CBA]. By contrast, in filing a lawsuit under Title VII, an employee asserts independent statutory rights accorded by Congress." *Id.* at 49–50. Ultimately, the Court concluded that the Title VII claims were not waived by the union's agreement to arbitrate since "there can be no prospective waiver of an employee's rights under Title VII." *Id.* at 51.

The second line of cases is represented by *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991). In that case, the Court held that "statutory claims may be the subject of an arbitration agreement, enforceable pursuant to the FAA." *Id.* at 26. Because the plaintiff could not show that

Congress intended to preclude a waiver of a judicial forum for claims under the Age Discrimination in Employment Act ("ADEA"), his ADEA claim was subject to compulsory arbitration pursuant to an arbitration agreement contained in a securities registration application.

In acknowledging the apparent tension between *Gardner-Denver* and *Gilmer*, the *Wright* court stated:

> Whereas *Gardner-Denver* stated that "an employee's rights under Title VII are not susceptible of prospective waiver," *Gilmer* held that the right to a federal judicial forum for an ADEA claim could be waived. Petitioner and the United States as *amicus* would have us reconcile the lines of authority by maintaining that federal forum rights cannot be waived in union-negotiated CBAs even if they can be waived in individually executed contracts—a distinction that assuredly finds support in the text of *Gilmer*. Respondents and their *amici*, on the other hand, contend that the real difference between *Gardner-Denver* and *Gilmer* is the radical change, over two decades, in the Court's receptivity to arbitration, leading *Gilmer* to affirm that "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration;" *Gilmer*, they argue, has sufficiently undermined *Gardner-Denver* that a union *can* waive employees' rights to a judicial forum. Although, as will appear, we find *Gardner-Denver* and *Gilmer* relevant for various purposes to the case before us, <u>we find it unnecessary to resolve the question of the validity of a union-negotiated waiver, since it is apparent to us, on the facts and arguments presented here, that no such waiver has occurred</u>.

*Wright*, 525 U.S. at 76–77 (internal citations omitted) (emphasis added). Thus, the Court punted on the issue presented by this case.

Since *Wright*, the Fourth Circuit has held that a "collectively bargained agreement to arbitrate a statutory discrimination claim is enforceable." *Safrit v. Cone Mills Corp.*, 248 F.3d 306, 308 (4th Cir. 2001). The Fourth Circuit went one step further by stating that a "clear and unmistakable" waiver can occur in one of two ways:

> First, the agreement can contain an explicit arbitration clause in which the parties agree to submit to arbitration all federal causes of action arising out of employment. Second, a general clause requiring arbitration under the agreement can be coupled with a provision which makes 'unmistakably clear that the discrimination statutes at issue are part of the agreement.'

*Id.* (internal citations omitted).  Because the issue has not been decided in the Fifth Circuit, Defendants call upon the law of the Fourth Circuit to say that the CBA at issue in this case satisfies either condition for meeting a clear and unmistakable waiver under *Safrit*.  Indeed, in oral argument, counsel for Defendants argued that every court that has reviewed this issue has followed the Fourth Circuit test.  Yet, this Court cannot ignore the fact that the central premise of *Gardner-Denver*, that a union cannot prospectively waive an employee's statutory forum rights, has not been explicitly overruled by the Supreme Court.  Given, however, the Fifth Circuit's predilection for enforcing arbitration provisions,[2] and given the Supreme Court's hypothetical suggestion that a "clear and unmistakable" waiver of individual statutory forum rights contained in a CBA could possibly allow for an enforceable arbitration provision, this Court concludes that the reasoning in *Safrit* is persuasive authority that should be followed.

The fact that the FMLA is specifically incorporated into Article 27 of the CBA means that it is part of the contract and binding on all parties.  Thus, because the CBA requires arbitration of all contractual disputes, disputes relating to the FMLA are also subject to arbitration since it is part of the contract.  Moreover, the CBA's arbitration clause specifically "incorporates all applicable federal, state and local anti-discrimination statutes."  It goes on to say that "any claims of

---

[2] *See*, *e.g.*, *Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 906 (5th Cir. 2005) (enforcing arbitration provision under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards even though Louisiana law evinced a policy against enforcing arbitration clauses in employment contracts); *Washington Mut. Fin. Group, LLC v. Bailey*, 364 F.3d 260, 265–66 (5th Cir. 2004) (holding that signatories' inability to read and understand the arbitration agreement did not render the agreement unconscionable or otherwise unenforceable); *Hadnot v. Bay, Ltd.*, 344 F.3d 474, 478 (5th Cir. 2003) (enforcing arbitration clause in employment agreement but invalidating portion that excluded punitive and exemplary damages from the kinds of damages that could be awarded by arbitrator); *Walton v. Rose Mobile Homes L.L.C.*, 298 F.3d 470, 473 (5th Cir. 2002) (reversing district court's order denying motion to compel arbitration because the Magnuson-Moss Warranty Act did not preclude arbitration); *Investment Partners, L.P. v. Glamour Shots Licensing*, 298 F.3d 314, 317–18 (5th Cir. 2002) (upholding arbitration clause that prevented the award of punitive damages).  *But see Iberia Credit Bureau, Inc. v. Cingular Wireless LLC*, 379 F.3d 159, 168–171 (5th Cir. 2004) (rendering arbitration clause unenforceable because only customers were required to arbitrate disputes).

discrimination by the Company, including those based on federal, state or local statutes shall be subject to this Article as the exclusive means of redress."³  Given these provisions, it is clear that the CBA at issue in this case meets both of the *Safrit* criteria.

Plaintiff has argued that because the non-discrimination clause of the CBA does not specifically delineate the FMLA, the CBA does not contain a clear and unmistakable waiver. Plaintiff refers to Article 6 of the CBA, which states:

> The parties agree to comply with all applicable federal laws and Executive Orders pertaining to non-discrimination and equal opportunity in employment, including without limitation, the Americans With Disabilities Act, Title VII of the Civil Rights Act of 1964, the [ADEA], the Uniform Services Employment and Reemployment Rights Act, and the Texas Commission on Human Rights Act, all of which are incorporated herein by reference.

Despite the fact that Article 27 specifically incorporates the FMLA into the CBA, Plaintiff would have this Court read into the law the requirement that if a CBA contains an anti-discrimination provision, all possible federal anti-discrimination statutes should be outlined within that specific section of the CBA in order to satisfy the clear and unmistakable standard.  If the Court were to follow that line of reasoning with respect to the CBA at issue in this case, either the drafters should have included the FMLA twice, once in the list provided in Article 6 and once in Article 27, or it should have outlined the FMLA provisions in Article 6.  Such a drafting requirement would be absurd.

**III.     CONCLUSION**

---

      ³      While neither party directly argued it, the Court has considered the question of whether the FMLA is an anti-discrimination statute within the context of the Equal Protection Clause of the Constitution. An argument could be made that the language contained in Article 11 incorporating "all applicable federal, state and local anti-discrimination statutes" does not include the FMLA because the FMLA was not designed specifically to address discrimination based on sex, race, age, or physical ability.  Having considered this theoretical argument, this Court finds no reason to decide the question given the fact that the FMLA has been incorporated into the CBA.

The CBA underlying this case specifically incorporates the FMLA and it specifically provides that all disputes under the CBA are subject to the grievance procedures and ultimately arbitration as a union member's sole means of redress. Thus, the CBA contains a clear and unmistakable waiver of Plaintiff's federal forum rights, at least with regard to this subject matter. Therefore, this Court lacks jurisdiction over the above-styled cause of action. Defendants' Motion to Dismiss For Lack of Subject Matter Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(h)(3) [Docket No. 9] is hereby **GRANTED**. All other pending motions [Docket Nos. 10, 21, 24] are hereby **DENIED as moot**.

Signed in Brownsville, Texas, this 9th day of May, 2006.

Andrew S. Hanen
United States District Judge